————o————

## No. 3735.

### (Court of Appeal, Parish of Orleans.)
### HENRY VIAVANT, vs. S. PLASSAN.

#### ON MOTION TO DISMISS.

Where a motion to dismiss involves an examination of the whole record, the Court may properly refer the same to the merits.

Appeal from Civil District Court, Division "C."

Chas. Louque, for Plaintiff and Appellee.

Lyle Saxon and H. G. Stewart, for Defendant and Appellant.

DUFOUR, J. The motion to dismiss on the ground that the value of the property involved exceeds the sum of $2,000 would for proper solution, require an examination of all the pleadings and evidence, as well as the effect to be given to the affidavits filed in this Court.

Under the circumstances, it would be an economy of time and labor to have the motion referred to the merits and argued at the same time.

Motion denied in limine without prejudice.

May 29, 1905.

## ON THE MERITS.

1. The bare denial of receipt of notice of intended sale by the taxpayer in interest may be overcome by the affirmative evidence of a disinterested official corroborated by a public record, but the unsupported presumption of notice resulting from the tax deed must yield to the positive denial of a taxpayer deemed creditable by the Court.
2. Under Article 210, Constitution of 1879, want of notice was a radical nullity, not curable by the prescription of three years.
3. One who pleads prescription must prove the facts that sustain it.
4. Since the adoption of the Constitution of 1898 no judgment annulling a tax sale shall have effect until the price and all taxes and costs paid, with ten per cent. interest per annum on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser.
5. That the State's sale to Plassan under Section 3 of the Act of 1888 should technically be a conventional sale is of no consequence. Its annulment could be compassed only by annulling the tax sale to the State which was the basis of defendant's title, and the above Constitutional provision is applicable.

DUFOUR, J. The plaintiff sues to annual tax sales by the Auditor to the defendant on the ground of want of notice at the time the State acquired the property at a sale to enforce the tax of 1884.

There is nothing to show notice except the general declaration in the act of sale; Monnier, the tax collector at the time of sale, and Dudenheffer, the present tax collector, state that there are no official records indicating delivery of delinquent tax notices from 1880 to 1885 inclusive. Viavant swears positively that no notice was ever given him, and he is uncontradicted.

"The bare denial of receipt of notice of intended sale by the tax payer in interest may be overcome by the affirmative evi-

32 .

dence of a disinterested official corroborated by a public record, but the unsupported presumption of notice resulting from the tax deed must yield to the positive denial of a tax payer deemed credible by the Court."

1 Art of App. 80.

The sale must, therefore, be annulled under Art. 210, Constitution of 1879, unless the plea of prescription of three years under Art. 233, Constitution of 1898, bars the tax title from attack.

One who pleads prescription must prove the facts that sustain it, defendant has failed to do so.

A witness for defendant, who has been renting from plaintiff for two years, says the property was vacant when he went there, but no effort was made to show that it was vacant for three years after the State acquired title.

Viavant testifies that he has been in possession of the property since he purchased it, about the year 1882, and on cross examination, no effort was made to show that it was not physical possession, but merely that resulting from registry of title.

The plea must be overruled.

But defendant is entitled to recover the money paid by him to the State for taxes.

Since the Constitution of 1898, no judgment annulling a tax sale shall have effect until the price and all taxes and costs paid with ten per cent. per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser.

1 Art of App. 134.

That the State's sale to Plassan under section 3 of the Act of 1888, should technically be a conventional sale is of no consequence, its annulment would be compassed only by annulling the tax sale to the State which is the basis of defendant's title, and the above constitutional provision is applicable.

The judgment should have allowed ten per cent. interest and put the costs on the party who was cast.

It is ordered, adjudged and decreed that the judgment be amended by condemning plaintiff to pay ten per cent. per annum as interest on the amount of price and taxes paid by the defendant from date of respective payments thereof, that the costs below be

borne by defendant, and that as amended, the judgment be affirmed, at appellee's cost.

Nov. 27, 1905.